ERNESTO ROMEU ORTIZ, demandante y apelante, *v.* THE MARYLAND CASUALTY Co., demandada y apelada.

No. 3911.—*Visto:* Junio 4, 1926. *Resuelto:* Junio 23, 1926.

1. MÉDICOS Y CIRUJANOS—ACCIONES EN COBRO DE SERVICIOS PROFESIONALES—DE LA DEMANDA—SUFICIENCIA DE LA MISMA—SERVICIOS A REQUERIMIENTO DE UN AGENTE DEL DEMANDADO.—Reclamada una suma por servicios médicos prestados a un tercero a requerimiento del agente de una persona jurídica en ausencia de alegaciones que refieran el nombre del agente de la demandada, de las relaciones existentes entre ellos, o de la autoridad para establecer la responsabilidad de la demandada en relación con la obligación que se le impone, la demanda es insuficiente.

2. APELACIÓN Y ERROR—REVISIÓN—DISCUSIÓN DE LA CORTE INFERIOR—ENMIENDAS A LAS ALEGACIONES—CONCESIÓN O NEGATIVA A CONCEDER PERMISO SOLICITADO.—No apareciendo del récord que se pidiera permiso para enmendar una demanda enmendada ni la materia de la enmienda, no puede decirse en apelación si la corte inferior se excedió en su discreción al no conceder el permiso.

SENTENCIA de *Charles E. Foote*, J. (Mayagüez), desestimando la demanda. *Confirmada.*

*P. N. Colberg*, abogado del apelante; *Alemany & Ramírez*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Este es un pleito en que el demandante reclama la suma de $3,000 por servicios médicos prestados a un tercero a requerimiento de la demandada. La demanda sustancialmente alega: que Jacinto Ruiz sufrió lesiones graves en un accidente con un automóvil propiedad de Ramón López Iri-

zarry, guiado por éste, estando asegurado entre otros riesgos, contra accidentes personales en la "Maryland Casualty Company," demandada, y que a requerimiento de Ramón López y de la demandada, representada por sus agentes en Mayagüez, el demandante prestó sus servicios como médico-cirujano al lesionado por espacio de cuatro meses hasta darlo de alta, estimando como cantidad razonable por la prestación de tales servicios, $3,000.

La demandada excepcionó la demanda por falta de causa de acción y la corte inferior sostuvo la excepción y dictó sentencia desestimando la demanda.

[1] El apelante se limita a sostener simplemente la suficiencia de la demanda porque entre demandante y demandada se celebró un contrato de servicios profesionales, remitiéndose a lo alegado en la demanda. En realidad no se estudia el asunto. El razonamiento es una petición de principio. Hay una ausencia completa de alegaciones que refieran el nombre del agente o agentes de la demandada, de las relaciones existentes entre ellos o de la autoridad de que puedan estar investidos dichos agentes por razón de la agencia para establecer la responsabilidad de la demandada en relación con la obligación que se le impone. La regla de que las obligaciones de una persona natural o jurídica que actúa por conducto de su agente se determinan por las facultades que han sido conferidas al agente, es tan natural y lógica y de general aplicación que no requiere una consideración ulterior la contención del apelante.

[2] Se queja además el apelante de que no se le permitió enmendar la demanda. Se trataba de una demanda que había sido enmendada y no apareciendo del récord que se pidiera permiso para enmendar nuevamente, ni la materia de la enmienda, no podríamos decir que el juez inferior se excedió en su discreción al no conceder el permiso.

*Por lo expuesto debe confirmarse la sentencia apelada.*